UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 17-40347-JDP |
| High Country Fusion Co., Inc. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| ……  | ) | |

**ORDER (I) APPROVING THE SALE OF CERTAIN ASSETS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF</u>**

Upon the Motion (the "<u>Motion</u>")[1] of High Country Fusion Company, Inc. ("<u>Debtor</u>"), pursuant to Sections 105(a), 363(b), and 365 of title 11 of the United States Code (11 U.S.C. §§ 101, *et seq.*) (the "<u>Bankruptcy Code</u>") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an Order authorizing and approving (I) the Sale of the Purchased Assets, free and clear of any and all pledges, options, charges, liabilities, liens, claims, encumbrances, or interests except the Assumed Liabilities, each as more fully described in the Purchase Agreement; (II) the assumption and assignment of certain executory contracts and unexpired leases; and (III) granting other related relief; and the Court having entered an order approving the Sale Procedures in connection with the sale [Doc

---

[1] Motion For Orders Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002, 6004, and 9014 (I) Approving (A) Sale Procedures and (B) the Form and Manner of Notice of the Sale of Certain Assets; (II) Approving the Sale of Certain Assets; (III) Waiving the 14-Day Stay of Fed. R. Bankr. P. 6004(h); and (IV) Granting Related Relief [Doc. No. ___] (the "<u>Motion</u>").  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or in the Purchase Agreement appended thereto.

04159645.1

EXHIBIT "B"

No. \_\_\_\_] (the "Sale Procedures Order"); and the Court having held a hearing on _____, 2017 (the "Sale Hearing") to consider approval of the Sale of the Purchased Assets (as well as the transfer, assumption and assignment of the Assigned Contracts) to Consolidated Pipe & Supply Co., Inc. (the "Purchaser") pursuant to the terms and conditions of the Purchase Agreement by and between Debtor and the Purchaser; and the Court having reviewed and considered the relief sought in the Motion, the Purchase Agreement, all Objections, and the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and all parties in interest having been heard or having had the opportunity to be heard regarding the Sale and the relief requested in the Motion or granted pursuant to this Order; and due and sufficient notice of the Sale Hearing and the relief sought therein having been given under the particular circumstances of these Chapter 11 proceedings and in accordance with the Sale Procedures Order; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon, it is hereby:

**FOUND, CONCLUDED AND DETERMINED THAT:[2]**

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. This Order is the Sale Order contemplated by the Purchase Agreement.

04159645.1                                  2

A. This Court has jurisdiction to hear and consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The legal predicates for the relief requested in the Motion are Bankruptcy Code Sections 105, 363, and 365. Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004 and 9014.

C. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

D. As evidenced by the certificates of service filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the transfer, assumption and assignment of the Assigned Contracts and the other relief granted herein, and a substantially similar form of this Order, have been provided in accordance with Bankruptcy Code Sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006 9007 and 9014; (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and apprise all known holders of Interests (as hereinafter defined), and all other parties in interest about the Motion, the Sale Hearing, the assumption and assignment of the Assigned Contracts, and the other relief granted herein; and (iii) no other or further notice of the Motion, the Sale Hearing, the assumption, and assignment of the Assigned Contracts and the other relief granted herein is or shall be required.

E. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all known interested persons and entities, including: (i) all of Debtor's creditors in this proceeding or whose claims are listed by Debtor in its schedules of liabilities; (ii) all parties who are known or reasonably believed to have asserted

a lien, encumbrance, claim or other interest in any of the Debtor's assets; (iii) any party to the Assigned Contracts; (iv) the Office of the United States Trustee for the District of Idaho; (v) the Internal Revenue Service; (vi) all applicable state and local taxing authorities; and (vi) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

F.  As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration before the Sale Hearing, (1) Debtor has appropriately marketed the Purchased Assets under the circumstances; and (2) a full, fair and reasonable opportunity has been given to any interested party to make a higher or better offer for the Purchased Assets.

G.  The Sale Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the Purchased Assets.  Debtor conducted the sale process without collusion and in accordance with the Sale Procedures.

H.  Alternative Language:  1.  No Qualified Bids other than the Purchaser's Bid were submitted before the Bid deadline.  Accordingly, no Auction was held.  Or 2. One or more Qualified Bids other than the Purchaser's Bid were timely tendered, and on _____, 2017, an Auction was conducted in accordance with the Sale Procedures Order.  At the close of the Auction, Debtor determined that Purchaser had submitted the highest or best Bid.

I.  The Purchaser is the Successful Bidder, and the Purchase Agreement is the Successful Bid, for the Purchased Assets in accordance with the Sale Procedures Order.  The Purchaser has complied in all respects with the Sale Procedures Order and all other applicable orders of this Court in negotiation and entering into the Purchase Agreement, and the Sale and

the Purchase Agreement likewise comply with the Sale Procedures Order and all other applicable orders of this Court.

J.  The Purchaser (i) is purchasing the Purchased Assets in good faith and (ii) is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law.  The Purchaser otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Purchaser recognized that Debtor was free to deal with any other party interested in acquiring the Purchased Assets; (b) the Purchaser was subjected to a bidding and auction process designed to solicit competitive bids; (c) all payments to be made by the Purchaser in connection with the Purchase Agreement have been disclosed; (d) the Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions with the parties represented by competent counsel of their choosing.

K.  The total consideration provided by the Purchaser pursuant to the Purchase Agreement, including the Purchase Price, is the highest or otherwise best offer received by Debtor, and the Purchase Price constitutes fair and adequate consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia (including the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, the Uniform Fraudulent Conveyance Act, as adopted, and all other applicable law).  The Purchase Agreement was not entered into, and neither Debtor nor the Purchaser has entered into the Purchase Agreement or proposes to consummate the Sale, for the purpose of hindering, delaying or defrauding Debtor's present or future creditors.

L.  Neither the Purchaser nor any of its affiliates, officers, directors, managers, shareholders, or any of their respective successors or assigns is an "insider" of Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

M.  Subject to the entry of this Order, Debtor has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the Sale has been duly and validly authorized.  No consents or approvals other than those provided for in the Purchase Agreement are required for Debtor to consummate the Sale described therein.

N.  The transfer of the Purchased Assets to the Purchaser shall be a legal, valid and effective transfer of the Purchased Assets and shall vest the Purchaser at Closing with all right, title and interest of Debtor in and to the Purchased Assets, free and clear of all claims (as defined in Section 101(5) of the Bankruptcy Code, "Claims"), liens (as defined in Section 101(37) of the Bankruptcy Code, "Liens"), encumbrances and all other interests (collectively including each of the foregoing, "Interests"), except for the liabilities assumed by Purchaser under the Purchase Agreement (as defined in the Purchase Agreement, the "Assumed Liabilities").  Other than the Assumed Liabilities, the Purchaser (and its successors and assigns) shall have no obligations with respect to any liabilities of Debtor.  The transfer of the Purchased Assets to the Purchaser shall vest the Purchaser with valid, good and marketable title to the Purchased Assets.

O.  The liens of Banner Bank, Ford Motor Credit and Idaho Central Credit Union shall attach to the sales procedures in the order of the priority that existed at the time of the sale.

P.  To the fullest extent permissible under applicable law, Purchaser shall not be deemed to: (a) be the successor of or successor employer (as described in COBRA and applicable regulations thereunder) to Debtor, including any common law successor liability, (b) have, *de facto*, or otherwise, merged with or into Debtor, (c) be a mere continuation or

substantial continuation of Debtor or the enterprise(s) of Debtor, or (d) be liable for any acts or omissions of Debtor in the conduct of the business or arising under or related to the Purchased Assets other than as set forth in Purchase Agreement. Without limiting the generality of the foregoing, the Purchaser shall not be liable for any Liens, Claims or encumbrances against Debtor or any of its predecessors or affiliates, and Purchaser shall have no successor or vicarious liability of any kind or character whether known or unknown as of the Closing Date, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Purchased Assets or any liabilities of Debtor arising prior to the Closing Date.

Q. The Purchaser would not have entered into the Purchase Agreement, would not have offered to pay the consideration contemplated in the Purchase Agreement, and would not consummate the Sale, thus adversely affecting Debtor's estate, its creditors and other parties in interest, if the Sale of the Purchased Assets was not free and clear of all Interests, less and except the Assumed Liabilities.

R. The Purchaser has provided adequate assurance of future performance of and under the Assigned Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code. The Purchaser's promise to perform the obligations under the Assigned Contracts after the Closing shall constitute adequate assurance of future performance under the Assigned Contracts being assigned to it within the meanings of sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.

S. The Assumption and Assignment Notice, and any amendment(s) thereto, identifying all Assigned Contracts that may be assumed and assigned or otherwise transferred to the Purchaser, plus any corresponding Cure Amount, was served upon all non-Debtor counterparties to such Assigned Contracts identified therein as per the affidavits or certificates of

service filed in these cases. Such notice was good, sufficient and appropriate under the circumstances and no other or further notice need be provided in connection with the transfer, assumption and assignment of the Assigned Contracts and fixing of cure amounts related thereto.

T. To the extent any Assigned Contract is not an executory contract or unexpired lease subject to section 365 of the Bankruptcy Code, Debtor is authorized to transfer all of Debtor's rights and obligations under such Assigned Contract and the associated Purchased Assets to the Purchaser, pursuant to section 363 of the Bankruptcy Code.

U. The Assigned Contracts are transferrable and/or assignable notwithstanding any provisions contained therein to the contrary. Failure to object to the transfer, assumption and assignment of an Assigned Contract is deemed consent to the transfer, assumption and assignment.

V. Debtor may sell the Purchased Assets to the Purchaser free and clear of all Interests (except Assumed Liabilities and Permitted Encumbrances) in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Interests against Debtor, its estate or any of the Purchased Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

W. The Purchase Agreement, including the form and total consideration to be realized by Debtor's estate under the Purchase Agreement, (i) constitutes the highest and best offer received by Debtor for the Purchased Assets; (ii) is fair and reasonable; and (iii) is in the best interests of Debtor's estate, its creditors and all other parties in interest.

X. The consummation of the Sale is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

Y. The Purchase Agreement is a valid and binding contract between Debtor and the Purchaser, which is and shall be enforceable against the Purchaser and Debtor according to its terms.

Z. Debtor has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004 and 6006.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. For the reasons stated on the record at the Sale Hearing, any objections to the Motion, or any other relief granted in this Order, to the extent not resolved, waived, withdrawn or previously overruled, and all reservations of rights included therein, are hereby overruled on the merits and denied, with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief granted herein.

**Approval of the Purchase Agreement and the Sale**

3. The Purchase Agreement and all other documents contemplated hereby, all of the terms and conditions thereof, and the consummation of the Sale and any associated transactions therein, are authorized and approved in all respects. The failure to specifically include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, with it being this Court's intention that the Purchase Agreement be authorized and approved in its entirety.

4. Pursuant to Bankruptcy Code Sections 105, 363 and 365, as well as the Purchase Agreement, the Sale is hereby approved, and Debtor is authorized to enter into and perform the Purchase Agreement. Pursuant to Bankruptcy Code Sections 105, 363 and 365, each of Debtor and the Purchaser is hereby authorized and directed to take any and all actions necessary or appropriate to: (i) consummate the Sale and the closing of the Sale in accordance with the Motion, the Purchase Agreement and this Order; (ii) assume and assign the Assigned Contracts; and (iii) perform, consummate, implement and close fully the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement. Debtor and the Purchaser shall have no obligation to close the Sale except as is contemplated by and provided for, and subject to the conditions set forth in, the Purchase Agreement.

5. The Sale of the Purchased Assets to the Purchaser under the Purchase Agreement constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, without limitation, the laws of each jurisdiction in which the Purchased Assets are located.

6. On the Closing Date, this Order shall be construed as, and shall for any and all purposes constitute: (a) a full and complete general assignment, conveyance and transfer of all of Debtor's estate's rights, title and interest in and to the Purchased Assets, and (b) a bill of sale transferring valid, good and marketable title in such Purchased Assets to the Purchaser on the Closing Date pursuant to the terms of the Purchase Agreement, free and clear of any and all Interests, other than the Assumed Liabilities.

7. The transfer of the Purchased Assets to the Purchaser shall vest the Purchaser with all right, title and interest of Debtor in and to the Purchased Assets, free and clear of all

Interests of any kind or nature whatsoever other than Assumed Liabilities and Permitted Encumbrances, with all such Interests attaching to the net cash proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Assets, subject to any claims and defenses Debtor or Debtor's estate may possess with respect thereto. All holders of Interests fall within one or more subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests attach to the net proceeds received by Debtor.

8. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Purchaser, and upon the Closing the Purchaser shall take Debtor's title to and possession of the Purchased Assets immediately upon consummation of the Purchase Agreement.

9. Upon the Closing of the Sale, each of Debtor's creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

10. If any person or entity that has filed financing statements, mortgages, lis pendens or other documents or agreements evidencing Interests in the Purchased Assets (except for Assumed Liabilities or Permitted Encumbrances) and has not delivered to Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Interests that the person or entity has with respect to the Purchased Assets, then: (a) the Purchaser is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets, and (b) the Purchaser is hereby authorized

to file, register or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Interests in the Purchased Assets of any kind or nature whatsoever. Each governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

11.   This Order: (a) shall be effective as a determination that, at Closing, all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated as to the Purchased Assets being sold (but not, for the avoidance of doubt, released, discharged or terminated with respect to the net proceeds of those Purchased Assets), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

12.   Except for the Assumed Liabilities and Permitted Encumbrances, the sale, transfer, assignment and delivery of the Purchased Assets shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, Debtor and its estate. Except for the Assumed Liabilities and Permitted Encumbrances, all persons holding Interests against or in Debtor or the Purchased Assets of any kind or nature whatsoever hereby are forever barred, estopped and permanently enjoined from asserting,

04159645.1                                    12

prosecuting or otherwise pursuing such Interests of any kind or nature whatsoever against the Purchaser or its officers, directors, shareholders or partners, its property or its successors and assigns or the Purchased Assets, as an alleged successor, to the greatest extent allowable by applicable law, or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against or in Debtor, its estate, its respective officers, directors or shareholders or the Purchased Assets. All liens avoided herein shall attach to the proceeds of the sale

13. The Purchaser shall have no liability or responsibility for any liability or other obligation of Debtor or Debtor's estate arising under or related to the Purchased Assets other than the Assumed Liabilities. Without limiting the generality of the foregoing and except as otherwise specifically provided in the Purchase Agreement, the Purchaser shall not be liable for any claims against Debtor or any of its predecessors or affiliates for any obligations of Debtor arising prior to the Closing.

14. None of the Purchaser or its affiliates, successors, assigns, equity holders, employees or professionals shall have or incur any liability to, or be subject to any action by any of Debtor, Debtor's estate, or any of their predecessors, successors or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the Purchase Agreement, or the entry into and consummation of the Sale of the Purchased Assets, except as expressly provided in the Purchase Agreement and this Order.

15. To the fullest extent permissible under applicable law, the Purchaser and its successor and assigns shall not be deemed to: (a) be the successor of or successor employer (as described in COBRA and applicable regulations thereunder) to Debtor, including any common law successor liability, (b) have, *de facto* or otherwise, merged with or into Debtor, (c) be a mere

continuation or substantial continuation of Debtor or the enterprise(s) of Debtor, or (d) be liable for any acts or omissions of Debtor in the conduct of the business or arising under or related to the Purchased Assets other than as set forth in this Order or the Purchase Agreement. Without limiting the generality of the foregoing, and except as otherwise provided in this Order or the Purchase Agreement, Purchaser shall not be liable for any liens, claims or encumbrances asserted against Debtor or any of its predecessors or affiliates, or the Purchased Assets, and Purchaser shall have no successor or vicarious liability of any kind or character, whether known or unknown as of the Closing Date, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Purchased Assets or any liabilities of Debtor arising prior to or after the Closing Date.

16. Any person or entity that is currently, or on the Closing Date may be, in possession of some or all of the Purchased Assets is hereby directed to surrender possession of such Purchased Assets either to (a) Debtor before the Closing or (b) the Purchaser or its designee upon or after the Closing.

## Transfer of Assigned Contracts

17. Debtor is hereby authorized in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code, as applicable, to (a) transfer, assume, assign and sell to the Purchaser, effective and conditioned upon the Closing, the Assigned Contracts, and (b) execute and deliver to Purchaser such documents or other instruments as the Purchaser deems necessary or appropriate to assign and transfer the Assigned Contracts to the Purchaser.

18. With respect to the Assigned Contracts: (a) the Assigned Contracts shall be transferred and assigned to and shall remain in full force and effect for the benefit of the Purchaser and its successors, assigns and designees, notwithstanding any provision in any such

Assigned Contracts (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, except as expressly otherwise provided in the Purchase Agreement, Debtor's estate shall be relieved from any further liability with respect to Assigned Contracts and the associated Purchased Assets after such assumption by Debtor and assignment and sale to the Purchaser at Closing; (b) Debtor may assume each of the Assigned Contracts, to the extent such Assigned Contracts are executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code at the Closing, after payment of the applicable cure amount, if any(c) Debtor may assign and sell (at the Closing) each of the Assigned Contracts, regardless of whether any such Assigned Contract is an executory contract or unexpired lease, in accordance with sections 363 and/or 365 of the Bankruptcy Code, as applicable, and any provisions in any Assigned Contracts that prohibit or condition the assignment of such Assigned Contracts or allow the party to such Assigned Contracts to terminate, recapture, set off (if not exercised pre-petition), impose any penalty, condition renewal or extension or modify any term or condition upon the assignment of such Assigned Contracts, constitute unenforceable anti-assignment provisions, which are void and of no force and effect; (d) all other requirements and conditions under sections 363 and 365, to the extent applicable, of the Bankruptcy Code for the assumption by Debtor and sale and assignment to the Purchaser of each of the Assigned Contracts (including without limitation, the requirements under Section 365(c)(1)) have been satisfied; and (e) upon Closing and after payment of the cure amount, if any, in accordance with sections 363 and 365 of the Bankruptcy Code, as applicable, the Purchaser shall be fully and irrevocably vested in and with all of Debtor's right, title and interest under each of the Assigned Contracts.

19. Upon Debtor's transfer and assignment of the Assigned Contracts under this Order, no default shall exist under any of the Assigned Contracts and no counterparty thereto shall be permitted to declare or enforce against the Purchaser a default by Debtor or Debtor's estate or otherwise take any action against the Purchaser as a result thereof.  All defaults or other obligations of Debtor under the Assigned Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), are deemed satisfied by the payment of the Cure Amounts, if any, with respect to each Assigned Contract, and which were satisfied, or shall be satisfied as soon as practicable, by the Purchaser or Debtor (from sale proceeds), as the case may be, as provided in, and subject to, the Purchase Agreement.  To the extent Cure Amounts exceed the Cure Cap of $15,000, as set forth in the Purchase Agreement, the Purchaser has the right to remove any contract or lease exceeding the Cure Cap.

20. Each non-Debtor party to an Assigned Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors, assigns or designees, or the Purchased Assets, any default arising prior to or existing as of the Closing, any indemnification claims or any counterclaim, setoff (if not exercised pre-petition) or any other Claim asserted or assertable against Debtor.  The validity of such assumption, assignment, transfer and sale of the Assigned Contract shall not be affected by the pendency or resolution of any dispute between Debtor and any non-Debtor party to an Assigned Contract.

21. To the extent a counterparty to any of the Assigned Contracts failed or fails to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any counterparty shall be prohibited from challenging, objecting to or denying the validity and

finality of the Cure Amount at any time, assuming the Cure Amount is duly paid to the counterparty in connection with the assumption and assignment of such Assigned Contract.

22. The failure of Debtor or the Purchaser to enforce at any time one or more terms or conditions of any of the Assigned Contracts shall not be a waiver of such terms or conditions, or of Debtor's and the Purchaser's rights to enforce every term and condition of the Assigned Contracts.

**Additional Provisions**

23. The consideration provided by the Purchaser for the Purchased Assets under the Purchase Agreement, including the Purchase Price, is the highest or otherwise best offer received by Debtor, and the Purchase Price constitutes fair and adequate consideration under the Bankruptcy Code and other applicable law and may not be avoided.

24. The transactions evidenced by the Purchased Agreement, as authorized pursuant to this Order, are undertaken by the Purchaser without collusion and in good faith, in accordance with Bankruptcy Code sections 363(m) and 363(n). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions shall not affect the validity of the sale and transfer of the Purchased Assets to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a good faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m) and other applicable law.

25. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the

Court, provided that any such modification, amendment or supplement does not have a material adverse effect on Debtor's estate.

26. The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Order.

27. To the extent this Order is inconsistent with any prior order or pleading filed in this Chapter 11 case related to the Motion, the terms of this Order shall govern. To the extent there is an inconsistency between the terms of this Order and the terms of the Purchase Agreement, the terms of this Order shall govern.

28. This Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in Debtor (whether known or unknown), any holders of Interests or Permitted Encumbrances, all non-Debtor parties to any of the Assigned Contracts, the Purchaser and all successors and assigns of the Purchaser, the Debtor, Debtor's estate, and the Purchased Assets; and (b) shall not be subject to rejection.

29. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

30. The fourteen-day stay otherwise imposed by Bankruptcy Rules 6004(h), 6006(d) and 7062 is hereby waived, and this Order shall be effective immediately upon entry.

31. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to

which Debtor is a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale; provided; however, that, in the event the Court abstains from exercising or declines to exercise such jurisdiction with respect to the Purchase Agreement, the Sale Procedures Order or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect on, and shall not control, prohibit, or limit, the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter. This Court retains jurisdiction to compel delivery of the Purchased Assets, to protect the Purchaser and its assets, including the Purchased Assets, against any Claims and successor and transferee liability and to enter orders, as appropriate, pursuant to Bankruptcy Code sections 105(a) or 363 (or other applicable provisions) necessary to transfer the Purchased Assets to the Purchaser, free and clear of all Interests other than Assumed Liabilities.

32. The Purchaser shall not be required to seek or obtain relief from the automatic stay under Bankruptcy Code section 362 to give any notice permitted by the Purchase Agreement or to enforce any of its remedies under the Purchase Agreement or any other Sale-related document. The automatic stay imposed by Bankruptcy Code Section 362 is modified solely to the extent necessary to implement the preceding sentence; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

33. The provisions of this Order are non-severable and mutually dependent.

34. The requirements set forth in Bankruptcy Rule 6004 have been satisfied or otherwise deemed waived.

Dated: _____, 2017

                                                  Honorable Jim D. Pappas
United States Bankruptcy Judge

04159645.1   19